Appellant. Mr. Marwell for the Appellant, Mr. Ricard for the Appellant. May it please the Court, Jeremy Marwell as Court-appointed Deacons supporting Appellant Ricardo Hunter. Good morning. Good morning, Your Honor. When a pro se incarcerated criminal defendant has no notice that a court has denied his claim for relief, discovers that order through his own diligence, and as a result is two days late in noticing his appeal, the federal rules do not invariably compel the harsh sanction of dismissal. Instead, this Court can excuse the late filing or can remand for the district court to consider vacating and reentering his order. This is so for three main reasons. First, that approach is consistent with the fact that Rule 4B's time limits for noticing an appeal are non-jurisdictional, and it follows from this Court's own decisions shielding the right of appeal in related circumstances. Second, the key issue here is the schedule for paying criminal restitution, and Congress has made clear that the government does not have a strong finality interest in that schedule. In 3664K, Congress provided that the district court has ongoing authority to modify a restitution schedule in the interest of justice and in response to changed circumstances. What was his – what rule of the Federal Rules of Criminal Procedure was his motion under? Well, it was captioned, Your Honor, under the – it's captioned under the Federal Rules of Criminal Procedure and 3664, and I would submit first that 3664K provides that authority to revisit a restitution order. It may have also been under – well, 3664 has an unusual provision that says that other Rules of Criminal Procedure do not apply to – That's during the original – the initial sentencing that procedure and that section deals with, because it specifically mentions pre-sentence reports. I don't think that section has anything to do with motions after the sentence. Courts have entertained 3664K motions, other circuits, and I would draw your attention to the text of 3664K, which is at Addendum 4 to 5 of the Green Brief, the opening brief. It says, A restitution order shall provide that the defendant shall notify the court and the attorney general of any material change in the economic circumstances. Upon receipt of the notification, the court may, on its own motion or the motion of any party, including the victim, adjust the payment schedule as the interest of justice requires. He didn't have a change in circumstances, did he? Well, I think when you look at the facts that he asserts in his motion, he says a few things. He says, one, I've been placed in a facility where there aren't jobs. The primary – when you have an indigent, a defendant ordered to pay, as here, about $35,000 in restitution, I think nobody understood that he had assets at the time. So the primary source of assets during the period of incarceration, which is at issue here, would be prison jobs or perhaps contributions from family members. So he says he also has health problems. And then he says he receives a limited amount of funds from his relatives for his commissary account. So I think if you – Change in – the defendant couldn't strike me as a change in circumstances. How long was he in that prison from sentencing to the time that he filed his motion? It was approximately two months, I believe, between sentencing and his motion, March 28th. The reason I'm asking you this is because Rule 35A provides that for an adjustment of sentence for when there's been clear error. We have a plain error argument here, too. But that rule requires that the motion be made within 14 days. And every other circuit has looked at it. There are no cases in our court that has held that that's jurisdictional. So if that rule applies, then the district court didn't have jurisdiction to change his sentence, even for clear error, because it was filed more than 14 days afterwards. And we could recognize it on appeal, and that would be the end of the case, wouldn't it? That's right. I know this doesn't – the government has not argued that there was a jurisdictional barrier. I know that that is not – that doesn't prevent this court from needing to address the jurisdictional issue. I would refer you to 3664C at Addendum 2. It's an unusual provision. It says the provisions of this chapter, Chapter 227, and Rule 32C of the Federal Rules of Criminal Procedure shall be the only rules applicable to proceedings under this section, 3664C. Which one is that? Addendum 2, Your Honor. It's subsection C of 18 U.S.C. 3664. I'm not aware of courts interpreting that. I'm not aware of this court interpreting that. But at least one court, the Van Horn decision, cited at page 47 of the Green Brief, says that as a result, Rule 35, the time limit for noticing – sorry, the time limit in Rule 35 does not appeal in the specific context of it seeking to modify a schedule for payment of restitution. Okay. Thank you. Sure. With respect to this court's authority to overlook the untimely notice of appeal, which I think is one of several pathways for this court, the analysis, I think, is fairly straightforward. If you look at Holland v. Florida, cited in the briefs, with respect to the standard for when equitable tolling is available and the standard for when the presumption in favor of some tolling would be rebutted, this case would support the availability of tolling. Some other courts – I'm not aware of a decision of this court, but other courts have recognized that in some circumstances, given the unique equities of a criminal case, that overlooking this is not – All right. But what do you do with the – I understand those cases, and I agree with you. 4B is not jurisdictional, right? We all agree with that. But what do you do with this very express language in 49C that says the clerk's failure to give notice does not affect the time to appeal or authorize court to relieve a party's failure to appeal within a time? Doesn't that deprive us of authority to exercise any equitable authority we might have? I don't think so, Your Honor, for a few reasons. First, I think that rule is best understood as governing the district court. It says when the court issues an order on any post-arraignment motion, the clerk must provide notice. It refers to appeal. It says a party's failure to appeal within time. That's right. So it says the clerk's failure to notice does not affect the time to appeal  But this rule is a lot like the Civil Rule 77, and this Court's decision in Expeditions Unlimited didn't see the text of Rule 77 as a barrier to allowing the district court to vacate and remand. And I would say that with respect to this Court's authority, the more applicable rule I think would be a rule of Appellate Procedure 26, where it's a slightly more permissive language, I think. It says the court may extend the time prescribed by the rules or may permit an act to be done after that time expires. Two different authorities. And then it says the court may not extend the time to file a notice of appeal, but it doesn't then refer back to anything limiting that may permit an act to be done after that time expires. I think it's possible to read that rule consistent with the idea that equitable tolling is an excuse for noncompliance, as distinct from an extension of the time. And if there are different legal standards, I think that's more than semantics. I think it's consistent with the presumption that equitable tolling is available. If I could reserve the remainder of my time. Wait. Before you sit, what do we do with the plain error problem? So I think a few things on plain error. First, the government didn't say anything about it below, and if you think of this case as involving a motion. Wait. Why would they be obliged to say anything to the district court? Well. Plain error is about affecting our review. That's correct. Although if Mr. Hunter had lacked any procedural basis or if he had been out of time, this was an objection that needed to be raised at sentencing. The government could have pointed that out to the district court and it might have been an alternate basis. I would say with respect to the purpose of plain error review, the district court was presented with the claim. It addressed it on the merits. And if you consider this a motion for changed circumstances or if you think that it potentially is read that way, then it doesn't make any sense to apply plain error because by definition you're talking about something that couldn't have been brought up at sentencing. The sentencing scheduling couldn't have been brought up? Well, yes. So he could have asked for a schedule at sentencing for sure, but 3664K contemplates then if there are changed circumstances, the defendant could go back to the district court. Oh, you're trying to suggest there were changed circumstances. I think this wasn't fully ventilated below because there was no objection to whether Mr. Hunter's motion was timely, but I think if you look at the face of his motion, the three facts that I mentioned earlier could potentially be viewed in that way. Lack of prison jobs, health concerns, and so forth. Okay. Thank you. May it please the Court, this is Stephen Ricard on behalf of the United States. I'd like to address timeliness also, but I'd like to start where Judge Edwards' question left off on the plain error standard and also I think addressing Judge Randolph's question. Running throughout the questions about the district court's jurisdiction and the preservation of the issue for plain error review is the fact that appellant throughout this litigation has sort of alternatively been requesting two different forms of relief, and I'd like to make clear, I think actually the Ninth Circuit decision, which goes against this, the Lemoine case, makes clear that a scheduling order from the district court is not the same thing as a schedule of payments that the Bureau of Prisons oppose administratively through the Inmate Financial Responsibility Program. You can have one be less than the other, even in the Ninth Circuit where the district court has to set a schedule, the Ninth Circuit subsequently held the IFRP could voluntarily impose a schedule that's greater than that because the defendant can participate in that program or not, and that payment can be addressed administratively. So to the extent there's any concern about his circumstances in the prison and the payment schedule that's been set by the Inmate Financial Responsibility Program, that's a question that I don't think anyone disputes, as we argued in our brief, had to be addressed through the administrative process. The argument that appellants advanced as a challenge to the district court judgment is an argument that's been developed in a much more sophisticated fashion, of course, by amicus on appeal. You can look in the government's brief below where the government read appellants' pro se motion as asking for a suspension of the fines and restitution, and the government responded, I'd submit appropriately, that that was not permitted under the statute and that the restitution was mandatory. But as the arguments developed into this challenge that goes more to whether the district court acted properly at sentencing, at that point the government has raised the plein air and the waiver objections, and I would ask the court to find the issue to be waived or at the very least to apply plein air review and find no plein air consistent with Baldwin. I wanted to start there because that's where we left off. I also do want to address the timeliness issue. Of course, this court has held, since the kind of trilogy of cases involving the definition of the term jurisdictional, this court has held that Rule 4B is a claims processing rule and is not jurisdictional. That said, Eberhardt, in so holding, this court cited Eberhardt, the Supreme Court decision dealing with Rule 33, and in Eberhardt, the Supreme Court made clear that a claims processing rule can nonetheless be mandatory upon the invocation of the party. And the Supreme Court even said that Robinson, which is a case that did deal with the predecessor to Rule 4B, a case from the 1960s in the Supreme Court, that that case was not wrongly decided, just that it used the wrong terminology in calling the rule jurisdictional, but rather that Robinson is correct not because the district court lacked subject matter jurisdiction, but because district courts must observe the clear limits of the rules of criminal procedure when they are properly invoked. And when the government objects to the filing that's untimely under the rule, the court's duty to dismiss the appeal is mandatory. And so... You say in your brief that Hunter should have asked his lawyer or the district court about the situation rather than, you say, waiting until 30 days after the order was entered. But how, I mean, why would he have done that? First of all, he didn't know the order had been entered, correct? It had been, it wasn't sent to him. So how could he be criticized for not waiting until 30 days afterwards? I mean, is it your theory that prisoners should sort of check with the district court every week or so to make sure orders haven't been entered on pending motions? I think, yeah, my theory is that they would have an obligation to check every 30 days or so, specifically so that they don't run through this 44-day time period that they have. So prisoners who have pending motions should be, what, sending a letter to the district court clerk's office every 30 days just to make sure that the clerk's office, just to find out whether the clerk's office has failed to send them a notice of an order? The district courts, is that what you want to happen? Well, I mean, I do think that the appellant could have been more diligent in this circumstance. What could he have done? He could have, just as Your Honor suggests, he could have written. After his reply brief was submitted and the motion was fully briefed, the court decided it approximately two weeks later, and he could have sometime in the time period between then and 46 days later, or 40 days later when he followed up with his attorney, written to the district court and asked for a copy of the docket or used any other method that might be available. There's nothing in this record about that, but I think there are other methods to check on the status of a docket case. He doesn't have access to the electronic docket, does he? I don't have any information in this record about what specific facilities are available at his particular prison. Do you know whether any prisoners have access to court electronic dockets? I thought they didn't. I could be wrong about that, but I thought they had limited Internet use and did not have access to the electronic docket. I have no official ability to make a representation on that. I thought I'd seen cases where there has been some ability to access that through a library, but I don't know that it's present here, so I don't want to make any arguments based on that. That's fair. That's okay. Even if Your Honor's concerned about the harsh nature of the circumstances here, I'd submit they don't rise to the level of the extraordinary circumstances required to find equitable tolling, and that's for exactly that reason. Well, your theory is you read the statute. The statute's clear that it's deprived the court of any authority to equitably toll anyway, right? Isn't that your position, that the language in 49C says we don't have that authority? Yes. Isn't that your position? Yes. Not only that the court can't, as a matter of law, extend the time filing, but I think the presence of that provision, along with the committee report that makes clear what the provision is intended to do, would make it inappropriate for this court to find that circumstance, which is specifically envisioned in advance by the drafters of the rule, to be an extraordinary circumstance that would permit equitable tolling. I'm just curious. Do you know whether – I take it this happens a lot because there's a rule on it, right? District court clerks fail to provide prisoners with notice of orders. I mean, it must happen a lot because otherwise there wouldn't be a rule about it. Do you know whether any effort is taken to, you know, discipline members of the clerk's office who do this so it doesn't happen again? I don't know, Your Honor. I don't think I can make any representations on it. I think the other case where this happened in this circuit, the In Re Sealed case, which we talked about, that was a sealed case and there was some problem with notice because it was a sealed case. My best guess here, I don't actually know for certain that the notice wasn't sent to him. We don't argue that in our brief because there's no evidence in this record whether it was sent or not, so we're asking this court to dismiss assuming it was not sent. I see. So I haven't developed that point factually in any way that I can make representations. I would note that this was a case where he was represented by counsel at time of sentencing and judgment was entered. Then he filed this pro se motion, which it may have been that the clerk's office viewed the fact that there was counsel there as, you know, the ECF would take care of notice, whereas, in fact, the defendant was pro se at that point, and that may not have been updated. But I don't know exactly what happened or what the ramifications were. What is an example of an extraordinary circumstance in your view? I think that the Supreme Court case law on the point Mick gives a couple of examples. One would be an affirmative misrepresentation from the district court. So in Bowles v. Russell, the extraordinary circumstance there, which wasn't enough because that's a jurisdictional rule, but I think that it was an example of an extraordinary circumstance was the district court telling the habeas petitioner, you have an extension of 17 days, when really the statute only permitted an extension of 14 days. So the district court sort of affirmatively misled the petitioner, and that was not enough to excuse it in the context of a jurisdictional rule, but that would be more in the line of the kind of extraordinary circumstances that have been considered. Any other? I think the affirmative misrepresentations from counsel are another example where counsel says specifically, we will file this notice of appeal, don't worry about it, and then doesn't follow through on it. And I think that a lot of the Habeas cases in the Supreme Court are those sort of ineffective assistance type situations, which wouldn't be the case in this case because this defendant acted pro se. That's what's sort of interesting about your position. If he had had a lawyer and the lawyer had failed to file on time, he'd have a really solid, ineffective assistance claim, right? But Hunter, who didn't have a lawyer, who's pro se, he has fewer options to him because he's not represented. I don't. That doesn't make any sense at all. Well, I didn't want to concede that every ineffective assistance case is extraordinary. Well, there's lots of cases. We have cases that say that. Courts have held that if a lawyer fails to file a notice of appeal on time, it's ineffective assistance of counsel. Well, I'd ask the Court not to find any sort of injustice, manifest injustice. There are extraordinary circumstances given that he did have attorney for his criminal case. He opted with that attorney not to file a direct appeal from his criminal conviction. Then he took the initiative to file a pro se motion after the time for noting an appeal from his judgment had expired, and it was his obligation to follow up with that motion. You know, there is a Supreme Court case dealing with Rule 49C and the failure of the clerk's office to give notice. Are you familiar with Rosenblum v. the United States? Only that it's cited in the committee note, I believe. Have you looked it up? I don't think I've looked it up because my understanding was it predated the amendment to Rule 49C. The Court of Appeals in that case held that the appeal was unprimed. The defendant, who was imprisoned, replied that he never received notice, and the Supreme Court reversed.  The question is whether the Supreme Court's decision, which was rendered in 1957 and came before the amendment to 49C, because I think the language we're dealing with was added first in 1966, wasn't it? That's correct, and thank you for your honest question. The committee report, it's a little bit oddly worded. I think it's a different time in terms of how it's drafted. It's not a wishy-washy. It says courts have held or something like that. Well, I don't think it's wishy-washy. I think it takes a little bit. I think that when you read it, what it's saying is that there was a circuit split or a split of authority, that some courts had held that the failure of notice provided an excuse. Some courts have held that it didn't, and now we're going to resolve that. And the Supreme Court, some courts have held that failure to give notice doesn't deprive you of the right to appeal. And one of those courts is the Supreme Court of the United States. And that was without the benefit of the change in the rule. And when the committee changed the rule, they cited that Supreme Court decision and then said the excusable neglect provision of the old rule will cover most cases where the failure of the clerk to give notice of judgment or orders has misled the defendant. No need appears for indefinite extension without time limit beyond the 30-day period. So I'd submit that when that comment is read in its entirety, it's expressing an intent to overrule that Supreme Court decision. We'll cover most cases, which means not all cases. And the rule or the judgment that the defendant is asking for in this particular case is not an indefinite extension of time for all cases. Well, I think that the rationale that amicus has advanced for that two-day extension could apply to any length of extension of time. Where there's a much longer extension and the defendant claims that he hasn't gotten notice, the same arguments will be made. And I think the rule is saying, when it says most, I don't think it's saying that the rule tolerates exceptions. It's saying there may be a few cases where this leaves someone out in the cold, but it's better to do that than to have an open-ended extension until the defendant says he has notice. Do you agree with the amicus that the motion that Hunter filed was a motion under 3664K, change in circumstances? I agree that that's the only jurisdictional hook that appears that I could see in terms of filing it. And I think that's why I started my argument pointing out the fact that there was really two different kinds of relief that the appellant and amicus have sought throughout this litigation. And I think that the change in circumstances motion obviously wouldn't permit the district court to revisit its judgment. And to the extent that amicus is now asking for that, I would ask the court to find that that relief is foreclosed. Unless there's any further questions we'd ask. Anything else, Harry? No. Okay, thank you. Thank you. I ask that the district court's judgment be affirmed. Yeah.  Yes. Go ahead. Thank you, Your Honor. To begin with Judge Randolph's questions, I think when you look at Holland v. Florida and the Supreme Court's more recent McQuiggan decision about the standard for when some sort of equitable tolling is available, courts have looked very hard for possible ambiguity for a clear statement that there's an intent to foreclose. And for the reasons that you did explore, my colleague, I think that standard, the presumption here, has not been rebutted. And I think if Judge Tatel's observation that Mr. Hunter's in a unique position because he's pro se should give you comfort that allowing an equitable extension here would not open the floodgates in other circumstances. Do you know whether inmates have access to the court's electronic docket? I don't know. I know that Mr. Hunter filed a – obviously his notice of appeal explained his circumstances, and he followed up with a declaration in this court's in the docket explaining that he had had no knowledge, no access to the opinion, and the government can dispute that. I don't know. I know that they do sometimes have access to an e-mail system, the CoreLink's e-mail system, but that's different. So if the court were concerned about these sorts of factors, the second option that I had proposed, a possible remand to the district court for it to decide whether to vacate and reenter, would allow the district court potentially to explore those factual issues. If there are no further questions, we'll rest on our submission. Thank you. Mr. Marwell, we appointed you. The court appointed you to serve as amicus, and we're grateful to you for your assistance. Thank you. Thank you, Judge. The case is submitted.
judges: Tatel, Edwards, Randolph